## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**BRACEY MYLES**                                      **CIVIL ACTION NO.**

**VERSUS**
                                                      **20-782-JWD-EWD**

**THE STATE OF GEORGIA BAR,**
**ET AL.**


       Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court.

       In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

       ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

       Signed in Baton Rouge, Louisiana, on September 22, 2021.


**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**BRACEY MYLES**                                                   **CIVIL ACTION NO.**

**VERSUS**

                                                                  **20-782-JWD-EWD**

**THE STATE OF GEORGIA BAR,**
**ET AL.**

**MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

Before the Court is the Complaint, filed by Bracey Myles ("Plaintiff"), who is representing himself.[1] Following a hearing held pursuant to *Spears v. McCotter*,[2] it is recommended that Plaintiff's claims be dismissed without prejudice for lack of subject matter jurisdiction and/or failure to state a claim, as explained below.

**I.    BACKGROUND**

On November 16, 2020, Plaintiff filed a Complaint and First Amended Complaint against the State Bar of Georgia ("Georgia Bar") and attorney Harry M. Daniels, Jr. ("Daniels") (collectively, "Defendants").[3] That same day, Plaintiff filed a motion to proceed *in forma pauperis*, which was granted.[4] On November 19, 2020, Plaintiff filed a Second Amended Complaint against Defendants.[5]

---

[1] R. Doc. 1.

[2] 766 F.2d 179 (5th Cir. 1985).

[3] R. Docs. 1 and 3, pp. 1-2. Plaintiff's original Complaint is a one-page document that is only a portion of a complaint. R. Doc. 1. Plaintiff's First Amended Complaint is complete but provides no details of his claims. Attached to it is a five-page email entitled "Complaint," that contains additional factual allegations but is very difficult to decipher, as, for example, it contains many legal terms that are incorrectly used. R. Doc. 3-1. Given Plaintiff's pro se status, R. Docs. 3 and 3-1 will be liberally construed as Plaintiff's First Amended Complaint.

[4] R. Doc. 2. The following day, Plaintiff filed another application for IFP, which contains only the first page and is incomplete. R. Doc. 4. Plaintiff was granted *pauper* status on November 24, 2020. R. Doc. 9.

[5] R. Doc. 8. On November 23, 2020, Plaintiff filed a Motion for Service of Summons and Complaint, R. Doc. 7, attached to which is a forty-seven page exhibit that contains a Memorandum of Authorities, one page of Plaintiff's retainer agreement with Daniels, text messages, newspaper articles, an improperly-filed "Third Party Demand" by Plaintiff against Jim Jarrow, another attorney who allegedly represented Wal-Mart, which is discussed below, and an improperly-filed "Cross-Claim" against Wal-Mart. R. Doc. 7-1.

A hearing was conducted on February 2, 2021 pursuant to *Spears v. McCotter*[6] ("*Spears* hearing"), to determine if any or all of Plaintiff's claims were frivolous and subject to dismissal.[7]  At the *Spears* hearing, Plaintiff testified under oath and presented information regarding the basis for his claims.  At the conclusion of the hearing, Plaintiff was advised that this Report would be issued with a recommendation to the district judge regarding Plaintiff's claims.  It was also explained that Plaintiff would have a fourteen-day period to submit objections to the Report and that the assigned district judge would make the final decision and issue a Ruling as to whether Plaintiff's claims would be allowed to proceed.

## II.    PLAINTIFF'S CLAIMS

### A.  *Against Daniels*

Plaintiff's primary claim against Daniels is that Daniels committed legal malpractice, in connection with Daniels' representation of Plaintiff in a legal matter, involving an incident at Wal-Mart, which is the subject of another proceeding pending in this Court filed by Plaintiff and his fiancée, Alfreda Lang ("Lang") ("the Wal-Mart suit").[8]  According to the Wal-Mart suit, on or about June 16, 2020, Plaintiff, Lang, and their infant son visited a Wal-Mart in Holton, Kansas, where they purchased groceries and then exited the store.  When they reached their car, they were met by local law enforcement officers, who asked to see the receipt for their groceries.  Lang gave the receipt to the officers, who informed them that Wal-Mart had reported a theft.[9]  The officers detained Plaintiff, Lang and the infant, who was in a hot car for about twenty minutes, to conduct an investigation.[10]

---

[6] 766 F.2d 179 (5th Cir. 1985).
[7] R. Doc. 11.  The *Spears* hearing was originally scheduled for December 21, 2020 to occur via Zoom video-conference; however, on that date, Plaintiff failed to appear. R. Doc. 11. Plaintiff subsequently advised the Court that he did not receive the Zoom participant instructions, and therefore, the hearing was rescheduled.  R. Doc. 13.
[8] *Bracey Myles and Alfreda Lang v. Wal-Mart Inc. d/b/a Walmart Supercenter No. 378*, No. 20-783-BAJ-SDJ, (M.D. La., Nov. 17, 2020).
[9] No. 20-783, (M.D. La. Nov. 17, 2020), R. Doc. 1, ¶¶ 15-19.
[10] No. 20-783, R. Doc. 1, ¶ 20.

Upon release by the officers, Plaintiff re-entered the store to lodge a complaint but was instructed by Wal-Mart employees, and ultimately by the officers, to leave the store. Plaintiff complied.[11]  Plaintiff and Lang contend that they were the only African Americans in the store and were racially profiled in violation of federal civil rights laws when they were accused of theft.[12]

At some point in June 2020, Plaintiff retained Daniels, a Georgia-licensed attorney, to represent Plaintiff and Lang against Wal-Mart.[13]  Plaintiff and Daniels corresponded from June 2020 until November 2020.[14] During that time, Plaintiff contends that "attorney [Daniels] is alleged to be involved in a multitude of legally prohibited personnel and/or criminal practices linking directly to client's receiving an unfavorable outcome, prolonging the financial hardships and suffering pertaining to the incident that takes place on June 16, 2020 in Holton Kansas."[15] The following information is indicated from a review of the text messages, Amended Complaints, and Plaintiff's testimony: Daniels drafted a complaint on Plaintiff's behalf; Daniels sent settlement demands to Wal-Mart; Daniels told Plaintiff that Wal-Mart was amenable to engaging in a mediation in Kansas, which was scheduled to occur in September of 2020 but was canceled by Wal-Mart and re-scheduled for early November, 2020; a mediation Settlement Agreement was signed by one party, indicating that the mediation occurred in early November, which contemplated a settlement in a particular amount (although it is unclear if the parties actually settled); thereafter, Daniels advised Plaintiff that he would not get a fair trial, the mediation cost was covered, and apparently, that [Wal-Mart] "wont go above

---

[11] No. 20-783, R. Doc. 1, ¶ 21.

[12] No. 20-783, R. Doc. 1, ¶ 22 *and see* No. 20-782, R. Doc. 3-1, p. 1.

[13] R. Doc. 3-1, p. 1 *and see* R. Doc. 7-1. p. 3 (retainer agreement).

[14] Daniels sent Plaintiff a "Disengagement Notice," terminating the attorney-client relationship, on November 11, 2020. R. Doc. 7-1. p. 39.

[15] R. Doc. 3-1, p. 1.

that;" and finally, when Plaintiff asked, Daniels informed Plaintiff that the complaint Daniels drafted had never been filed.[16]

Plaintiff contends that Daniels' malpractice arose when Daniels mispresented to Plaintiff that a lawsuit had been filed,[17] and when Daniels allegedly coerced Plaintiff into signing an unidentified document.[18]  Plaintiff also generally alleges Daniels engaged in a breach of fiduciary duty, lack of due diligence, dishonesty, billing fraud, and a conflict of interest, as Daniels was "secretly working on behalf of the opposition…." and "received a benefit from the opposing counsel for turning [Plaintiff] in."[19] Plaintiff also alleges Daniels committed violations of 42 U.S.C. §§ 1983, 1985, and committed state law torts such as intentional fraud and emotional distress.[20]

### B.  *Against the Georgia Bar*

Plaintiff's Amended Complaints do not expressly allege the nature of Plaintiff's claims against the Georgia Bar other than to vaguely allege "personal injury;"[21] however, at the *Spears* hearing, Plaintiff clarified that his claim against the Georgia Bar is that it fails to provide public notice of complaints that have been lodged against its licensed attorneys.  Because complaints are not public, Plaintiff contends that he was not, and has not, been able to find out if other litigants have lodged complaints with the Georgia Bar against Daniels.[22]

---

[16] R. Doc. 3-1, pp. 1-5 *and see* R. Doc. 7-1, pp. 13-23 (text message), R. Doc. 7-1, p. 24 (Memorandum of Settlement Agreement signed by one person).

[17] R. Doc. 3-1, pp. 2-5.

[18] R. Doc. 8, p. 2.  Plaintiff alleges that he had no other choice but to sign the unidentified document, as he had driven fourteen hours to the mediation in Kansas City, lost his job, and had "no place to go."

[19] R. Doc. 3-1, p. 1, p. 1.

[20] R. Doc. 8, p. 4.

[21] R. Doc. 8, p. 4, ¶ 14.

[22] Plaintiff testified at the *Spears* hearing that he has not yet filed a complaint with the Georgia Bar, and he does not know if official grievances has been filed with the Georgia Bar against Daniels.  However, Plaintiff testified that he believes that other complaints have been lodged against Daniels' law firm, Daniels and James, because he has seen  reviews of the firm on Google that allege claims similar to his.

4

In connection with his claims in this case, Plaintiff seeks: appointment of counsel; injunction; issuance of summons, "if alleged, by remedies available;" "dismissal, from lack of knowledge;" summary judgment on the merits; "notice & consent to magistrate…review complaint before proceeding;" "petition for civil penalties….as third party;" and a witness hearing.[23]

## III.    LAW AND ANALYSIS

### A.  Plaintiff Had Not Established That This Court Has Subject Matter Jurisdiction

As was explained to Plaintiff at the *Spears* hearing, unlike state district courts, which are courts of general jurisdiction and may therefore hear all types of claims, federal courts may only entertain those cases over which there is federal subject matter jurisdiction.  Federal subject matter jurisdiction may be established in two ways. This Court has subject matter jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States."[24]  This Court also has subject matter jurisdiction over civil actions where the amount in controversy exceeds $75,000.00 exclusive of interest and costs and the parties are completely diverse (*i.e.*, all plaintiffs are citizens of a different state than all defendants).[25]  The burden of establishing federal subject matter jurisdiction is on the party asserting it (here, Plaintiff).[26]  A court may raise on its own at any time the issue of whether subject matter jurisdiction exists.[27]

Regarding diversity, which Plaintiff does not allege as a basis for jurisdiction,[28] the Amended Complaint alleges that Plaintiff is a Louisiana citizen;[29] however, during the *Spears* hearing,

---

[23] R. Doc. 1, R. Doc. 3, p. 2.  Plaintiff claims for additional damages in his "Third Party Complaint" and "Cross-Claim" are not considered because, as explained to Plaintiff during the *Spears* hearing, those actions were improperly filed. R. Doc. 7-1, pp. 8-33.
[24] 28 U.S.C. § 1331.
[25] 28 U.S.C. § 1332.
[26] *Willoughby v. United States ex rel. Dept. of the Army*, 730 F.3d 476, 479 (5th Cir. 2013).
[27] *McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005).
[28] R. Doc. 8, p. 3.
[29] R. Doc. 8, p. 3.

questioning of Plaintiff revealed that he is likely a South Carolina citizen,[30] despite his pleading and the fact that, at the time of the filing the Complaint, he resided in Louisiana. The Amended Complaints fail to adequately plead the citizenship of Defendants.[31]  Plaintiff stated during the hearing that he believes that Daniels is a citizen of North Carolina. The Georgia Bar is "as an administrative arm of the [Georgia Supreme] court a unified self-governing bar association  ... known as the 'State Bar of Georgia,' composed of all persons licensed to practice law' in the state."[32]  In *Cohran v. State Bar of Georgia,* the U.S. District Court for the Northern District of Georgia held that: "The Georgia Supreme Court is an arm of the State of Georgia. The State Bar is an arm of the Georgia Supreme Court."[33] Per Eleventh Circuit authority, the Georgia Bar does not appear to be a citizen for the purposes of § 1332, to the extent it is an arm of the State of Georgia, by virtue of being an arm of the Georgia Supreme Court.[34] Therefore, while Plaintiff and Daniels appear diverse, diversity of citizenship jurisdiction does not exist over Plaintiff's claims against the Georgia Bar.

Furthermore, the Amended Complaints fail to adequately plead a sufficient amount in controversy for diversity jurisdiction under 28 U.S.C. § 1332, and it does not otherwise appear from Plaintiff's factual allegations that his damages will likely exceed $75,000, exclusive of interest and costs.  In particular, and as discussed below, it is not clear that Plaintiff has suffered any substantial damages by the action of Daniels in not filing the complaint Daniels drafted because Plaintiff has

---

[30] Plaintiff was born in South Carolina and his sworn testimony indicates that, despite several re-locations, the elements necessary to effect a change in his citizenship have not been met.  *See Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.,* 485 F.3d 804, 814 (5th Cir. 2007) ("Someone acquires a 'domicile of origin' at birth, and this domicile presumptively continues unless rebutted with sufficient evidence of change.")  It is noted that, prior to the filing of this Report, Plaintiff changed his address from Louisiana to Tennessee.  R. Doc. 17.

[31] R. Docs. 1, 3, and 8, p. 3.  During the *Spears* hearing, Plaintiff clarified that he is not seeking to name either Jarrow or Wal-Mart as defendants in this proceeding; rather, his purported derivative actions were asserted so that Plaintiff could determine what information Jarrow and Wal-Mart have as fact witnesses.

[32] *See Falanga v. State Bar of Ga.,* 150 F.3d 1333, 1336 (11th Cir. 1998).

[33] No. A1:91CV0797JOF, 790 F. Supp. 1568, 1575 (N.D. Ga. Mar. 5, 1992).

[34] *See Univ. of S. Alabama v. Am. Tobacco Co.,* 168 F.3d 405, 412 (11th Cir. 1999) (holding that if a party is deemed to be "an arm or alter ego of the State," then diversity jurisdiction "must fail").

filed his own lawsuit against Wal-Mart in this Court, thereby preserving his claims. Likewise, Plaintiff has no claim for damages against the Georgia Bar due to the Georgia Bar's failure to publicize bar complaints against its members. Plaintiff has failed to point to a Georgia law that requires such publication, and the Georgia Bar has the power and authority to establish its own bylaws[35] and to determine whether complaints (and discipline) against attorneys are publicly reported.[36] Thus, the requirements for federal subject matter jurisdiction under 28 U.S.C. § 1332 have not been established.[37]

Regarding federal question jurisdiction, which Plaintiff specifically invokes,[38] Plaintiff has asserted many federal statutes that have no applicability to the present matter, including: statutes cited from Title 5 of the U.S. Code, which concerns government organizations and employees (*e.g.*, 5 U.S.C. § 2302, 5 U.S.C. § 1215, *etc.*), Title 41 of the Code of Federal Regulations, which relates to public contracts, and unidentified crimes.[39] Plaintiff does not have a private cause of action under Article III of the U.S. Constitution, which governs the judiciary.[40]

Plaintiff's claims under 42 U.S.C. §§ 1983 and 1985 also fail to give rise to federal question jurisdiction. A plaintiff asserting a claim under 42 U.S.C. § 1983[41] must demonstrate that a defendant

---

[35] GA R BAR Rule 1-601 ("The State Bar of Georgia, at its first annual meeting shall adopt bylaws as directed herein, and at such meeting and any subsequent annual, annual midyear, or special meeting may adopt such other bylaws not inconsistent herewith as it may deem necessary and proper and may amend its bylaws from time to time.").

[36] *See* GA R BAR Rule 4-101 ("The State Bar of Georgia is hereby authorized to maintain and enforce, as set forth in rules hereinafter stated, Georgia Rules of Professional Conduct to be observed by the members of the State Bar of Georgia and those authorized to practice law in the State of Georgia and to institute disciplinary action in the event of the violation thereof.") *See also* GA R BAR Rule 4-102, setting forth levels of discipline and whether they are public or private.

[37] As a result, the Court also does not have 28 U.S.C. § 1367 supplemental jurisdiction over Plaintiff's various state law claims.

[38] R. Doc. 8, p. 3.

[39] R. Doc. 3, p. 1; R. Doc. 3-1, p. 1, ¶ 4; R. Doc. 8, p. 3. Plaintiff may report claims of criminal conduct to the appropriate U.S. Attorney's Office for potential prosecution, but Plaintiff does not have a private cause of action under a criminal statute unless expressly provided.

[40] R. Doc. 8, p. 4.

[41] 42 U.S.C. § 1983: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress,

(1) deprived him of his constitutional rights and (2) acted under color of state law.[42]   While private individuals generally are not considered to act under state law, a private individual's action may be deemed to be state action if the defendant's conduct is fairly attributable to the state.[43]  Otherwise, when non-state actors are involved, in order to hold them liable on a § 1983 claim, "they must have engaged in a conspiracy with state actors to violate [his] constitutional rights."[44]

Plaintiff's sole reference to §1983 and § 1985 in his Amended Complaint is as follows:

(42 U.S.C. 1983)

> Harry M. Daniels, Jr. and his agents, conspired with others to interfere with a pending case, 20-783 of the Plaintiff's and Plaintiff's civil rights, in violation of 42 U.S.C. § 1985.[45]

Plaintiff does not specifically name the Georgia Bar in this allegation, and Plaintiff has not alleged who the "others" are or how Daniels allegedly interfered with No. 20-783, the other proceeding Plaintiff filed in this Court.

§ 1983 Claim

Setting aside whether Plaintiff has alleged a deprivation of constitutional rights, Daniels is not a state actor and Plaintiff has not pleaded that Daniels is, nor does Plaintiff attribute Daniels' conduct to any state actor, including the Georgia Bar.[46]  The only other way that Plaintiff's § 1983 claim could be raised against Daniels is if Daniels were alleged to have conspired with a state actor, but Plaintiff

---

except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable...."
[42] *Williamson as Next Friend of J.S.W. v. Presbyterian Christian School Inc.,* No. 2:18-CV-15-LG-MTP, 2018 WL 10419234, at *3 (S.D. Miss. Oct. 2, 2018) *citing Moody v. Farrell*, 868 F.3d 348, 351 (5th Cir. 2017).
[43] *Williams citing Moody,* 868 F.3d at 352.
[44] *Williams citing Tebo v. Tebo*, 550 F.3d 492, 496 (5th Cir. 2008).
[45] R. Doc. 8, p. 4.
[46] During the *Spears* hearing, Plaintiff testified under oath that, while he believes the Georgia Bar is a state actor, the actions under color of state law that Plaintiff contends that the Georgia Bar took was to permit Daniels to practice law. Plaintiff did not allege that the Georgia Bar conspired with Daniels against Plaintiff or violated any particular constitutional right of Plaintiff.

has not identified any such state actors in his Amended Complaint.   Further, even if the Georgia Bar is considered the state actor, Plaintiff's claims against Daniels for malpractice in his representation of Plaintiff, and the Georgia Bar's lack of publication of complaints by other persons against Daniels, are separate claims that do not overlap factually, which fails to support a conspiracy between these Defendants.

As Plaintiff's Amended Complaints fail to identify any state actors and fail to plead factual allegations from which one could plausibly conclude that the acts of Daniels were fairly attributable to the state or that Daniels conspired with any state actors, Plaintiff's § 1983 claim against Daniels is not arguable or colorable, and so cannot support federal question jurisdiction (and is also subject to dismissal pursuant to 28 U.S.C. § 1915, as discussed below).  *See Williamson as Next Friend of J.S.W*, in which the U.S. District Court for the Southern District of Mississippi remanded a case removed on the basis of § 1983 for lack of jurisdiction because, while the Plaintiff asserted a violation of due process rights pursuant to the Fourteenth Amendment to the United States Constitution, "neither pleading contains an allegation that [the defendant] is a state actor. Moreover, there are no factual allegations in those pleadings from which one could plausibly conclude that the acts of [the Defendant] were fairly attributable to the state or that [the defendant] conspired with any state actors."[47] As the *Williamson* Court explained:

> Under the well-pleaded complaint rule, a plaintiff's federal question must appear on the face of his well-pleaded complaint. *Quinn v. Guerrero*, 863 F.3d 353, 358–59 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 682 (2018). While a plaintiff need not cite a specific federal provision, such as 42 U.S.C. § 1983, he must allege facts sufficient to establish a colorable issue of federal law. *Id.* The absence of a valid cause of action does not implicate subject-matter jurisdiction, but the absence of an arguable one does. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998). A finding of lack of subject-matter jurisdiction due to inadequacy of a federal claim is proper "only when

---

[47] *Williamson as Next Friend of J.S.W.,* 2018 WL 10419234, at *3.

the claim is so insubstantial, implausible, foreclosed by prior decisions of [the Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Id.*[48]

§ 1985 Claim

Plaintiff has not specified the provision of § 1985 under which he is asserting his claim; however, it does not appear that § 1985(1) applies because Plaintiff is not a federal officer.[49]  In order to raise a conspiracy claim under Section (3) of §1985, Plaintiff must allege that "(1) the defendants conspired (2) for the purposes of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, and (3) one or more of the conspirators committed some act in furtherance of the conspiracy; whereby (4) another person is injured in his person or property or deprived of having and exercising any right or privilege of a citizen of the United States; and (5) the action of the conspirators is motivated by a racial animus."[50]  The equal protection portion of Section (2) of § 1985 prohibits conspiracies to deny any citizen equal protection of the laws or to injure a citizen for his efforts to ensure the rights of others to equal protection.[51] "When a claim is asserted under the equal protection portion of § 1985(2), the class-based animus requirement of § 1985(3) applies."[52] The remaining portion of § 1985(2) requires a showing that a conspiracy exists. "Conspiracy is a required element of a cause of action under § 1985(2), and the failure to allege a conspiracy necessitates dismissal for failure to state a claim."[53]

---

[48] 2018 WL 10419234, at *2.
[49] *Marceaux v. Lafayette City-Parish Consolidated Government,* No. 12-1532, 921 F. Supp. 2d 605, 642 (W.D. La. Jan. 30, 2013) ("Section 1985(1) protects federal officials and is not applicable to state officials such as the plaintiffs in this lawsuit. While § 1985(1) prohibits conspiracies 'to prevent, by force, intimidation, or threat' a federal officer from discharging his duties or to injure him because of his lawful discharge of his duties, there is no allegation in the plaintiffs' complaint that any of the plaintiffs in this case is a federal officer.").
[50] *Marceaux,* 921 F. Supp. 2d at 642.
[51] The first part of § 1985(2) prohibits conspiracies to deter witnesses from attending court or testifying, punish witnesses who have so attended or testified, or injure jurors, all of which are inapplicable.  *Marceaux,* 921 F. Supp. 2d at 643.
[52] *Marceaux*, 921 F. Supp. 2d at 643.
[53] *Marceaux*, 921 F. Supp. 2d at 643.

10

As with his § 1983 claim, Plaintiff has not alleged any particular facts in support of his § 1985 claim, other than the bare allegation referenced above regarding Daniels conspiring with "others" to interfere with Plaintiff's other pending lawsuit.  Plaintiff has not alleged any facts to show that Daniels and anyone else were involved in a conspiracy that was motivated by racial animus.  Thus, Plaintiff's §1985 claim is likewise implausible and devoid of merit, which fails to give rise to federal question subject matter jurisdiction.

<u>Eleventh Amendment Immunity</u>

While it does not appear that Plaintiff's § 1983 and § 1985 claims are alleged against the Georgia Bar, even if they are alleged, this Court may not hear them.  Per the authority referenced above holding that the Georgia Bar is an arm of the State of Georgia,[54] claims by non-citizens against arms of the State are barred by Eleventh Amendment immunity.[55]  Therefore, Plaintiff's claims, including those for compensatory damages (if any), as well as injunctive relief, against the Georgia Bar, are barred.[56]

---

[54] *Cohran*, 790 F. Supp. at 1575.

[55] "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State…."  U.S. Const. Amend. XI.  *See United States v. Texas Tech Univ.,* 171 F.3d 279, 285 (5th Cir. 1999), wherein the Fifth Circuit held: "The Eleventh Amendment's admonition is jurisdictional in nature…While often noted for preserving state sovereignty, the Amendment only accomplishes this end through jurisdictional limitation. *Puerto Rico Aqueduct,* 506 U.S. at 144, 113 S.Ct. 684 ("[The Eleventh Amendment's] withdrawal of jurisdiction effectively confers an immunity from suit.") Its negative instruction on how to construe federal judicial power operates as an additional boundary on that power, supplementing the restraints on judicial power already implicitly provided in Article III of the Constitution. *See Atascadero State Hospital v. Scanlon,* 473 U.S. 234, 238, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985) (quoting *Pennhurst State Sch. and Hosp. v. Halderman,* 465 U.S. 89, 98, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984)) ("[T]he significance of [the Eleventh Amendment] 'lies in its affirmation that the fundamental principle of sovereign immunity limits the grant of judicial authority in Art. III of the Constitution.")…."

[56] *See Cohran,* 790 F. Supp. at 1575 (finding that the plaintiff attorney's § 1983 claims against the State Bar of Georgia and Georgia Supreme Court were barred by Eleventh Amendment immunity and holding:  "The amendment also bars claims for compensatory money damages against state officials named in their official capacities when a party seeks 'to impose a liability which must be paid from public funds in the state treasury' because the state is the real party in interest. *Edelman v. Jordan,* 415 U.S. 651, 663, 94 S.Ct. 1347, 1356, 39 L.Ed.2d 662 (1974); *Pennhurst,* 465 U.S. at 103, 104 S.Ct. at 909; *Armstead v. Coler,* 914 F.2d 1464, 1467 (11th Cir.1990); *Harden v. Adams,* 760 F.2d 1158, 1163 (11th Cir.1985)….. The Eleventh Amendment also bars suits for injunctive or other equitable relief against the state or its agencies and instrumentalities. *Papasan,* 478 U.S. at 276, 106 S.Ct. at 2939; *Alabama v. Pugh,* 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978).")  *See also Henry v. Florida Bar,* 701 F. Appx. 878, 881 (11th Cir. 2017) ("Eleventh

"A federal court must presume that an action lies outside its limited jurisdiction, and the burden of establishing that the court has subject matter jurisdiction to entertain an action rests with the party asserting jurisdiction."[57]  "A district court can dismiss an action *sua sponte* for lack of federal subject matter jurisdiction…even where the defendant makes no responsive pleadings and does not move to dismiss for want of subject-matter jurisdiction."[58]  Because Plaintiff has not met his burden of establishing that this Court has federal subject matter jurisdiction, this case should be dismissed without prejudice.

### B.  Plaintiff Fails To State a Claim for Relief Under §§ 1983, 1985

On November 24, 2020, Plaintiff was granted leave to proceed *in forma pauperis*.[59]  Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), this Court is authorized to dismiss an action brought *in forma pauperis* if satisfied that the action is frivolous.[60]  Likewise, pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii), this Court is authorized to dismiss an action brought *in forma pauperis* if the action fails to state a claim on which relief may be granted. A § 1915(e) dismissal may be made at any time before or after service of process and before or after an answer is filed.[61]  An *in forma pauperis* suit is properly dismissed as frivolous if the claim lacks an arguable basis in either fact or

---

Amendment immunity bars Henry's claims against the Florida Bar under 42 U.S.C. §§ 1981, 1983, and 1985 because neither Congress nor the state of Florida have abrogated Eleventh Amendment immunity under those claims. *See Bd. of Trs. of Univ. of Ala.,* 531 U.S. at 363–64, 121 S.Ct. 955; *Sessions,* 648 F.2d at 1069; *Gamble,* 779 F.2d at 1511; *Fincher,* 798 F.2d at 1372.")

[57] *Edwards v. Jackson Hinds Comprehensive Health Center*, No. 17-972, 2018 WL 3653761 (S.D. Miss. June 11, 2018), at *1 (*quoting Nixon v. Goldman Sachs Mortg. Corp.*, No. 16-597, 2016 WL 3763425, at **2–3 (N.D. Tex. July 14, 2016) (*citing* 28 U.S.C. §§ 1331, 1332); *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)).  *See also McKendall v. U.S. Army Corps of Engineers*, No. 15-2631, 2016 WL 3218842, at *1 (E.D. La. June 10, 2016) ("The party asserting jurisdiction bears the burden of establishing that the district court possesses subject-matter jurisdiction.") (*citing Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).

[58] *Dickens v. TASB Risk Management*, 17-00216, 2018 WL 6184804, at *1 (W.D. Tex. Nov. 21, 2018).  *See also Craig v. Our Lady of the Lake Regional Medical Center*, No. 15-814, 2017 WL 1113326, at *2 (M.D. La. March 23, 2017) ("The Court may dismiss an action *sua sponte* if it 'determines at any time that it lacks subject-matter jurisdiction.'") (*citing* Fed. R. Civ. P. 12(h)(3)).

[59] R. Doc. 9.

[60] *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

[61] *Id.*

law.[62]  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."[63]

As explained to Plaintiff during the *Spears* hearing, most of the federal statutes Plaintiff cites, *e.g.*, 5 U.S.C. § 2302, are inapplicable and do not provide a cause of action based on the facts asserted. Plaintiff's remaining civil rights claims also fail to state a cause of action, because: (1) Plaintiff has not alleged any facts to establish the elements of his § 1983 and § 1985 claims as discussed above, *e.g.*, Plaintiff has not identified a state actor, or facts in support of a conspiracy between Daniels and a state actor to deprive him of a constitutional right, or racial animus by any Defendant; (2) Plaintiff cannot establish damages against Daniels and/or the Georgia Bar in connection with his underlying claims against Wal-Mart since he has already filed suit raising these claims in No. 20-783 (M.D. La.); and, (3) Plaintiff has not pointed to any legal authority supporting his claim that the Georgia Bar bears liability because it does not publicize complaints against its member attorneys.  As mentioned, the Georgia Bar has the power to create its own bylaws and to decide whether to make disciplinary actions against it members available to the public.[64]

Plaintiff's claims fail to state a cause of action, and are also frivolous because they are "based on an indisputably meritless legal theory,"[65] and have no realistic chance of success.  Based on what Plaintiff alleged in his Amended Complaints, as clarified in the *Spears* hearing, Plaintiff can prove no set of facts in support of his claims which would entitle him to relief in this action.[66]  Because Plaintiff's claims are frivolous, dismissal is appropriate even if Plaintiff were able to establish federal subject matter jurisdiction.  Plaintiff has filed multiple Amended Complaints, with exhibits attached,

---

[62] *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995).
[63] *Neitzke*, 490 U.S. at 327.
[64] *See* GA R BAR Rules 4-101 and 4-102.
[65] *Neitzke*, 490 U.S. at 327.
[66] *Green*, 788 F.2d at 1120 (internal citations omitted).

and provided testimony during the *Spears* hearing.  As such, Plaintiff has had several opportunities to state his claims and should not be given further leave to amend.[67]

**IV.    CONCLUSION**

For the reasons set forth herein, the undersigned **RECOMMENDS** that this case be **DISMISSED WITHOUT PREJUDICE**.

**IT IS ORDERED** that the Clerk of Court shall serve this Report on Bracey Myles via certified mail, return receipt requested at his most recent address listed on PACER.

Signed in Baton Rouge, Louisiana, on September 22, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[67] The allegations set forth in three Complaints, liberally construed due to Plaintiff's *pro se* status, forty-seven pages of exhibits attached to Plaintiff's Motion to Serve Summons, and Plaintiff's explanation of his claims during the *Spears* hearing have been considered in determining that his claims are frivolous.  *See* R. Docs. 1, 3, 7-1 and 8.  Considering Plaintiff's multiple opportunities to explain his claims to this Court, it is recommended that any further attempt by Plaintiff to amend his pleadings be denied.